NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0331n.06
Filed: April 28, 2005

No. 04-5980

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHRISTOPHER SHAWN TERRY,

    Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

_____ /

Before:    MARTIN, COOK and LAY,[*] Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Christopher Terry challenges his sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005). For the following reasons, we VACATE Terry's sentence and REMAND for resentencing.

On May 10, 2004, the United States filed an information charging Terry with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). The previous felony convictions listed by the information were burglary of a building, theft of property valued more than $1,000, and the sale of cocaine, a Schedule II controlled substance. That same day, Terry entered a guilty plea on the information.

---

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

The Federal Sentencing Guidelines dictated a base offense level of fourteen if the defendant "was a prohibited person at the time [he] committed the instant offense," U.S.S.G. § 2K2.1(a)(6)(A), and twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," U.S.S.G. § 2K2.1(a)(4)(A). The district court set Terry's base level at twenty and granted a three-level departure for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. Terry's prior criminal history resulted in an assessment of ten criminal history points and the district court added two points, pursuant to U.S.S.G. § 4A1.1(d), upon finding that Terry committed the instant offense while on probation. This resulted in twelve criminal history points and a criminal history category of V, with a corresponding sentencing range of forty-six to fifty-seven months. In sentencing Terry, the district court stated:

> I have a reason for the sentence that I arrive at; and in your case your criminal history score places you at the top of criminal history category V. That would justify a sentence at the upper end of your range. In addition, you had two firearms that didn't result in any increase in your range. Two gets punished the same way as one. I suppose that factor would justify a sentence toward the upper end. So, Mr. Terry given your history, the nature of your prior convictions, the fact that you had twelve points, criminal history, I'm going to commit you to the custody of the Bureau of Prisons for a term of 54 months.

Terry now appeals, seeking resentencing pursuant to *Booker*.

Terry's first claim is that the district court violated his Sixth Amendment rights when it calculated a base offense level of twenty based on a prior conviction for either a crime of violence or a controlled substance offense. In *Booker*, the Supreme Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a

plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S. Ct. at 756. The fact of a prior conviction is thus specifically excepted from the reasoning behind the Supreme Court's recent Sixth Amendment jurisprudence and the prior conviction exception remains good law unless and until the Supreme Court holds otherwise. In this case, the base level of fourteen was increased to twenty (and decreased to seventeen based upon acceptance of responsibility) solely on the fact of a prior conviction and therefore there is no Sixth Amendment violation.

Terry's final claim is that the district court committed error by treating the Federal Sentencing Guidelines as mandatory and sentencing him accordingly. The sentencing transcript in this case is quite similar to that in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), where this Court remanded for resentencing. Furthermore, at oral argument the United States conceded that remand was appropriate in this case. We therefore VACATE Terry's sentence and REMAND for resentencing.